UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
----------------------------------------------------------------X
JASON TENENBAUM,                                              Case #:

                    Plaintiff,
    -against-                                                           **COMPLAINT**


JAY L. YACKOW,
                    Defendant.
----------------------------------------------------------------X

The plaintiff Jason Tenenbaum, by its attorneys, The Law Office of Jason Tenenbaum, P.C., complaining of the defendants herein, respectfully allege, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover actual damages, statutory damages, interest and attorney fees under the Fair Debt Collection Practices Act ("FDCPA") and New York State Judiciary Law § 487. Plaintiff was aggrieved due to the practices of attorney and debt collector Jay L. Yackow.

2. The nature of the violations involved sending the notices of debts that were not due and owing to Plaintiff through the channels of interstate commerce, demanding monies that were not owed and filing a foreclosure action, a lien and a lis pendens against Plaintiff, all of which is deceitful. These comprise unfair practices under the FDCPA.

3. The State law claim involves engaging in deceit or collusion with intent to deceive the court or Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 15

USC § 1692k(d) , and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

7. At all times hereinafter mentioned, the plaintiff, Jason Tenenbaum, resides at 130 Post Avenue, Apt. 423, Westbury, New York 11590, within the State of New York.

8. At all times hereinafter mentioned, the defendant, Jay L. Yackow, resides at 3258 Hewlett Avenue, Merrick, New York, 11566

9. At all times hereinafter mentioned, the defendant Jay L. Yackow, has a law office located at 355 Post Avenue, Suite #201, Westbury, New York 11590.

10. Defendant Jay L. Yackow, is a "debt collector" at that term is defined at 15 USC § 1692(6).

11. In this regard, Defendant Jay L. Yackow accepts work from condominium boards, sends out demand letters to collect unpaid billings, threatens to bring litigation for unpaid billings and does bring actions at law and actions at equity for alleged unpaid billings

12. Defendant Jay L. Yackow is an "attorney or counselor" as that term is defined in New York Jud. Law § 487.

13. In this regard, the New York State Office of Court Administration lists Jay L. Yackow's license number as 1939776 and his year of admission as 1983.

## FACTS

14. Plaintiff Jason Tenenbaum is an owner and resident of a condominium

complex entitled The Horizon of Westbury ("Horizon"), located at 130 Post Avenue, Westbury, New York 11590.

15. Horizon is managed by the Board of Managers of Horizon ("Board"), Westbury, New York.

16. Horizon was built in or about 2005 and had an initial offering plan that went into effect in that year.

17. Certain units were owed by the Sponsor, Horizon LLC, located at 130 Post Avenue, Village of Westbury, Town of North Hempstead, State of New York, 11590.

18. An initial board of managers was instituted following the approval of the offering plan.

19. "The board of managers shall consist of a total of five managers who shall be elected or designated for staggered terms. Four (4) of the members of the Board of Managers shall be elected by the Residential Unit Owners and one (1) member shall be appointed by the Retail Unit Owner." (Offering Plan, p. 67)

20. The offering plan states: "[S]ponsor may retain a majority of the Board of Managers until all of the Residential Units have closed." (Offering Plan, p. 64)

21. The same language is included in the bylaws. (Bylaws, p. 4, Article III. Section 1)

22. The Bylaws impose the following penalties for failing to pay HOA fees: "(c) all expenses including, without limitation, attorneys' fees paid or incurred by the Board or by any Managing Agent in any proceeding brought to collect such unpaid Common Charges or in an action to foreclose the lien on such Unit Owner's Unit arising from said unpaid Common Charges in the manner permitted by applicable law. (Bylaws, p. 16, VI, Section 2,

paragraph c).

23. The term legal proceeding means "[a]ny matter before a court of law, administrative board or tribunal, commission, administrative law judge, hearing officer, or other body that conducts a legal or administrative proceeding." 5 CFR § 295.103

24. The bylaws also state: "The Board may take action to collect any Common Charges due from any Residential Unit Owner which remains unpaid ninety (90) days from its due date by way of foreclosure of the lien on such Unit in accordance Section 339 of the Real Property Law or otherwise." (Bylaws, p. 16, VI, Section 2, paragraph c)

25. The bylaws also state as follows:

> The property and business of the Condominium shall be managed by its Board of Managers…The powers shall specifically include, but not be limited to, the following items: to employ and terminate the employment of employees…to enter into contracts, and generally to have the powers of a manager in connection with the matters herein above set forth.

(Bylaws, p. 4, III, Section 6, paragraph 9)

26. As of the current date, Horizon, LLC still owns residential units and therefore has control of the board.

27. According to the Seventh Amendment to the offering plan and at all times relevant to this matter, the current Board consists of: David Marom and Oren Ziv.

28. At no point from 2005 through the date of the events in this complaint was the Board comprised in accordance with the applicable by-laws.

29. That the Board Members David Maron and Oren Ziv knowingly intentionally and unlawfully set up the board in this matter so as to exert complete control and domination of the business of Horizon.

30. As a matter of settled New York law, any and all actions of an improperly constituted Board of Managers are *ultra vires*. See RPL 339-v(a); <u>Board of Mgrs. of the 85 8th Ave Condominium v Manhattan Realty LLC</u>, 102 AD3d 548, 550 (1st Dept. 2013).

31. Defendant Jay L. Yackow has been an independent contractor of the Board of Managers since at least 2010.

32. At all times, Defendant Jay L. Yackow did not have the power to perform any tasks for the Board since all actions of the Board were *ultra vires*.

33. At all times, Defendant Jay L. Yackow, an attorney who specializes in landlord tenant actions, collections and condominium affairs knew that he was illegally hired to perform tasks as an independent contractor of the Board.

34. That as set forth in the matter pending in Supreme Court of the State of New York, Nassau County, under index #: 602361/18 ("State Court Action #1"), entitled "Tenenbaum v. Horizon, et. al.", Plaintiff in his derivative capacity brought an action against various Defendants seeking, among other things, to replace the Board and for money damages.

35. The theory offered in State Court Action #1 is that various Defendants acted inappropriately in their affairs with relation to the Horizon and the Board was never properly constituted nor properly run as set forth in its by-laws.

36. As is relevant to this matter, the Board in late 2018, imposed assessments in various sums to pay for renovations that the Board, in the first instance, had no legal ability to impose.

37. This increase in the assessment caused Plaintiff's maintenance fees to be

surcharged in the sum of $254.76.[1]

38. Plaintiff failed to change the "auto pay" and did not increase the monthly payments to include the additional $254.76. The "auto pay" feature at some point was shut down due to Plaintiff not paying the surcharge.

39. Plaintiff on or about June 3, 2019 received a demand letter from Defendant Jay L. Yackow, counsel for Defendant and a debt collector, seeking the sum of $3,388.09 (including an illegal $480.00 legal fee).

40. On or about June 15, 2019, Plaintiff received a bill from the condominium stating that the sum of $4,110.66 was due on **July 1, 2019** to the following address: "Horizon at Westbury Condominium c/o Greenview Properties, Inc., PO Box 15007, Atlanta. GA 30348-5007". This bill did not include a legal fee and was the most up to date billing.

41. In order to avoid a foreclosure action and to litigate the issue of whether the Special Assessment was proper in State Court Action #1, Plaintiff issued an e-check on **June 24, 2019** in the sum of $4,110.66, from his Citibank account to "Horizon at Westbury Condominium c/o Greenview Properties, Inc., PO Box 15007, Atlanta. GA 30348-5007".[2]

42. On July 2, 2019, Plaintiff received a demand letter from attorney Jay L. Yackow, counsel for Defendant in this matter and debt collector. The letter demanded the sum of $4,610.66.

43. In correspondence dated July 6, 2019, Plaintiff personally faxed and mailed a letter with proof of payment of the $4,110.66 to Horizon to Defendant Jay L. Yackow.

---

[1] Plaintiff paid the assessment although it was illegally assessed. Plaintiff at all times has sought to obtain all monies it paid through a restitution action.
[2] Allowing five (5) days for mailing. Defendant Plaintiff received the monies prior to July 1, 2019. Horizon chose not to cash the check despite telling Plaintiff to pay them at that address!

44. Defendant Jay L. Yackow sent a correspondence to Plaintiff on July 8, 2019, asserting that it was improper to pay "Horizon at Westbury Condominium c/o Greenview Properties, Inc., PO Box 15007, Atlanta. GA 30348-5007" and that the HOA rules required that his attorney fee be paid. An additional $200 attorney fee was now added to his statement of charges.

45. Plaintiff faxed a letter to Jay L. Yackow informing him he was wrong.

46. Defendant Jay Yackow upon a telephone call Plaintiff had with him on or about July 9, 2019, told Plaintiff he advised Horizon **not** to negotiate the check Plaintiff sent to Horizon and that Defendant would foreclose against Plaintiff unless Plaintiff paid Defendant the sum of $4,110.66 with a reduced legal fee of $300.00 as a courtesy because Plaintiff is an attorney.

47. Plaintiff declined Defendant's invitation because his position was wrong.

48. Plaintiff paid August's maintenance in the sum of $995.12, but again the Board appears to have refused to negotiate the check.

49. Defendant prepared, had executed and filed upon Plaintiff's property with the Nassau County Clerk's office a lien for outstanding HOA charges on July 18, 2019 **despite** Plaintiff paying the sum of $4,110.66 to Horizon, prior to the July 1, 2019 due date.

50. Defendant mailed back to Plaintiff the check to Horizon in the sum of $4,110.66 to Horizon on or about August 8, 2019.

51. Defendant filed a Lis Pendens upon Plaintiff's property on August 14, 2019, and filed a summons and complaint on August 14, 2019. The lawsuit was brought in Supreme Court of the State of New York, County of Nassau ("State Court Action #2"), and is entitled Board of Managers, et. al. v. Tenenbaum, index #: 611169/2019.

52. Defendant had served upon Plaintiff the summons and complaint in State Court Action #2 at about 8:30 AM on August 17, 2019, a Saturday morning.

53. Defendant had no legal authority to perform any collections action for the Horizon since the Board was improperly constituted.

54. Defendant had no legal authority to collect the Special Assessment since the Board had no legal ability to impose the same.

55. Defendant had no legal right to seek an attorney fee irrespective of whether the Board was properly constituted as the bylaws disallow an attorney fee to be collected absent a lawsuit being filed and prosecuted.

56. The liens and lis pendens that were drafted and filed are frauds on the Court because the amounts were paid in full.

57. The foreclosure lawsuit that Defendant drafted and served is a fraud on the Supreme Court because it fails to even allege that Plaintiff **timely** paid the outstanding maintenance yet the Board refused to chase the check because: (a) Defendant wanted an illegal attorney fee; and (b) Horizon wanted to manufacture a reason to foreclose upon Plaintiff.

58. The above actions of Defendant constitute a deceit and were done willfully wantonly and illegally.

## **AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of 15 USC § 1692f[1]; 1692k)

59. Plaintiff repeats and reiterates the above-mentioned allegations as set forth herein.

60. That Defendant is a debt collector as that term is defined in 15 USC § 1692a(6)

61. That Defendant sent communications to Plaintiff as that term is defined in 15 USC § 1692a(2)

62. That Plaintiff is a consumer as that term is defined in 15 USC § 1692a(3).

63. That under 15 USC § 1692f(1):

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. That Plaintiff paid full amount of the outstanding debt of $4,110.66 prior to the July 1, 2019 due date that the Board gave Plaintiff to pay the debt.

65. That Defendant had no right collect any debt because the Board was unable to legally collect any debts

66. That Defendant had no right to collect an attorney fee as the by-laws disallow an attorney fee to be collected unless litigation is commenced.

67. That Defendant through a series of written communications that were mailed and faxed to Plaintiff, demanded that the sum of $4,610.66 be paid to him, despite such amount not being "expressly authorized by the agreement creating the debt or permitted by law."

68. That Defendant explicitly told the Board not to negotiate the check for $4,110.66 and mailed the same back to Plaintiff for the purposes of manufacturing an illegal foreclosure action against Plaintiff.

69. That Plaintiff took legal action prior to filing the complaint in State Court Action #2 through filing a lien and a lis pendens despite full payment being received well

prior to the filing of these documents.

70. That Defendant took legal action in State Court Action #2, despite not having a legal right or legal basis to do the same.

71. That the steps Defendant has taken to collect a debt that was legally paid was unfair or unconscionable and unauthorized.

72. That Defendant is liable to Plaintiff for a sum of monies to be determined at trial, along with interest, costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of 15 USC § 1692e[10]; 1692k)

73. Plaintiff repeats and reiterates the above-mentioned allegations as set forth herein.

74. That Defendant is a debt collector as that term is defined in 15 USC § 1692a(6)

75. That Defendant sent communications to Plaintiff as that term is defined in 15 USC § 1692a(2)

76. That Plaintiff is a consumer as that term is defined in 15 USC § 1692a(3).

77. That according to 15 USC § 1692e[10]:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

78. That Plaintiff paid full amount of the outstanding debt of $4,110.66 prior to the July 1, 2019 due date that the Board gave Plaintiff to pay the debt.

79. That Defendant had no right collect any debt because the Board was unable

to legally collect any debts

80. That Defendant had no right to collect an attorney fee as the by-laws disallow an attorney fee to be collected unless litigation is commenced.

81. That Defendant through a series of written communications that were mailed and faxed to Plaintiff, demanded that the sum of $4,610.66 be paid to him, despite such amount bot being "expressly authorized by the agreement creating the debt or permitted by law."

82. That Defendant explicitly told the Board not to negotiate the check for $4,110.66 and mailed the same back to Plaintiff for the purposes of manufacturing an illegal foreclosure action against Plaintiff.

83. That Defendant took legal action prior to filing the complaint in State Court Action #2 through filing a lien and a lis pendens despite full payment being received well prior to the filing of these documents.

84. That Defendant took legal action in State Court Action #2, despite not having a legal right or legal basis to do the same.

85. That the steps Defendant has taken to collect a debt that was legally paid including directing the Board not to negotiate Plaintiff's draft and to bring a foreclosure action for a debt that was not owed is a deceptive means that the FDCPA prohibits.

86. That Defendant is liable to Plaintiff for a sum of monies to be determined at trial, along with interest, costs and attorneys' fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of 15 USC § 1692e[2][A]; 1692k)

87. Plaintiff repeats and reiterates the above-mentioned allegations as set forth herein.

88.     That Defendant is a debt collector as that term is defined in 15 USC § 1692a(6)

89.     That Defendant sent communications to Plaintiff as that term is defined in 15 USC § 1692a(2)

90.     That Plaintiff is a consumer as that term is defined in 15 USC § 1692a(3).

91.     That according to 15 USC § 1692e[2][A]:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. The false representation of the character, amount, or legal status of any debt.

92.     That Plaintiff paid full amount of the outstanding debt of $4,110.66 prior to the July 1, 2019 due date that the Board gave Plaintiff to pay the debt.

93.     That Defendant had no right collect any debt because the Board was unable to legally collect any debts

94.     That Defendant had no right to collect an attorney fee as the by-laws disallow an attorney fee to be collected unless litigation is commenced.

95.     That Defendant through a series of written communications that were mailed and faxed to Plaintiff, demanded that the sum of $4,610.66 be paid to him, despite such amount bot being "expressly authorized by the agreement creating the debt or permitted by law."

96.     That Defendant explicitly told the Board not to negotiate the check for $4,110.66 and mailed the same back to Plaintiff for the purposes of manufacturing an illegal foreclosure action against Plaintiff.

97.     That seeking the additional attorney fee, while not permitted falsely

represents the character and amount of the debt.

98. That Defendant took legal action prior to filing the complaint in State Court Action #2 through filing a lien and a lis pendens despite full payment being received well prior to the filing of these documents.

99. That Defendant took legal action in State Court Action #2, despite not having a legal right or legal basis to do the same.

100. That the filing falsely stated that monies were not paid despite Plaintiff making payment.

101. That in filing the legal action in State Court Action #2, Defendant made "[f]alse representation[s] of the character, amount, or legal status of any debt."

102. That the steps Defendant has taken to collect a debt that was legally paid including directing the Board not to negotiate Plaintiff's draft and to bring a foreclosure action for a debt that was not owed is a "[f]alse representation[s] of the character, amount, or legal status of any debt."

103. That Defendant is liable to Plaintiff for a sum of monies to be determined at trial, along with interest, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of NY Jud Law § 487)

104. Plaintiff repeats and reiterates the above-mentioned allegations as set forth herein.

105. That Defendant is an attorney and counselor at law, within the State of New York

106. That Defendant knowingly, willfully, intentionally sought to deceive the court in State Court Action #2 through filing a foreclosure action setting forth the sum of

$4,110.66 not being paid to the Board, **despite** the said sum of $4,110.66 being paid to the Board prior to the filing of the lien, the lis pendens and the action in State Court Action #2.

107. That this was done with gross disregard to the rights and obligations that Defendant owes both Plaintiff and the Nassau County Supreme Court.

108. That Defendant is liable to Plaintiff for a sum of monies to be determined at trial, along with treble damages, interest, costs and attorneys' fees.

**WHEREFORE**, Plaintiff seeks a judgment as follows:

(1) On cause of Action numbered one, two and three: Judgment in the sum of monies to be determined at the trial in this action, along with interest, attorneys' fees, costs and disbursements;

(2) On cause of Action numbered four: Judgment in the sum of monies to be determined at the trial in this action, treble damages, interest, attorneys' fees, costs and disbursements.

Dated: Garden City, New York
September 5, 2019

Yours, etc.,

/s/ Jason Tenenbaum
_____
The Law Office of Jason Tenenbaum. P.C.
Attorneys for Plaintiff
595 Stewart Avenue – Suite 400
Garden City, New York 11530
(516) 750-0595
File #: 8000-0109

To: JAY L. YACKOW
3258 Hewlett Avenue
Merrick, New York, 11566

UNITED STATES DISTRICT COURT
EASTERN DISTRICT: NEW YORK
Case No.:

JASON TENENBAUM,

                              Plaintiff,

-against-

JAY L. YACKOW,

                      Defendant.

## SUMMONS AND COMPLAINT

**The Law Office of Jason Tenenbaum, P.C.**
**Attorneys for Plaintiff**
595 STEWART AVE STE 400
GARDEN CITY, NY  11530
(516) 750-0595

Service of a copy of the within ^ is hereby admitted

Dated,
^

..........................................................................

                                          Attorney(s) for ^

Please take notice
☐ Notice of entry
that the within is a (*certified*) true copy of a _____ duly entered in the office of the clerk of the within named court on _____
☐ Notice of Settlement
that an order ^ of which the within is a true copy will be presented for _____ settlement to the HON. _____ one of the judges of the within named court, at _____ on _____

Dated: Garden City, New York       Yours, etc.
                                              **The Law Office of Jason Tenenbaum, P.C.**
                                              Attorneys for Plaintiff
                                              595 STEWART AVE STE 400
                                              GARDEN CITY, NY  11530
                                              (516)750-0595